1  ROB BONTA
   Attorney General of California
2  DONNA M. DEAN
   Supervising Deputy Attorney General
3  ASHLEY REYES
   Deputy Attorney General
4  State Bar No. 312120
   JAMIE SHEPHERD
5  Deputy Attorney General
   State Bar No. 313098
6    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013-1230
7    Telephone: (559) 705-2312
     Fax: (559) 445-5106
8    E-mail:  Ashley.Reyes@doj.ca.gov
     E-mail:  Jamie.Shepherd@doj.ca.gov
9  *Attorneys for Defendants State of California,
   acting by and through the California
10 Highway Patrol, and Officer Neil Johnson*

11                 UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13        EUREKA-MCKINLEYVILLE UNITED STATES COURTHOUSE

14

15

16  **S.N., by and through his G.A.L.**          Case No. 1:24-cv-09447
    **Vonice Nelson; CHEE-SHEP**
17  **NELSON; KE-GAT NELSON;**                   **ANSWER TO FIRST AMENDED**
    **WILLIAM NELSON JR.,**                      **COMPLAINT FOR DAMAGES**
18  **individually and as successors-in-**       **BY DEFENDANTS STATE OF**
    **interest to WILLIAM NELSON,**              **CALIFORNIA, ACTING BY AND**
19  **deceased; and CINDY MCKINNON,**            **THROUGH THE CALIFORNIA**
    **individually**,                            **HIGHWAY PATROL, AND NEIL**
20                                               **JOHNSON**
                              Plaintiffs,
21                                               **[Fed. R. Civ. P. 8(b).]**
           v.
22

23  **STATE OF CALIFORNIA;**
    **COUNTY OF HUMBOLDT; NEIL**
24  **JOHNSON**,

25                            Defendants.

26

27

28
                                   1

Defendants State of California, acting by and through the California Highway Patrol, and Officer Neil Johnson, and in response to the First Amended Complaint on file herein admit, deny, and allege as follows:

**JURISDICTION AND VENUE**

1.    Answering Defendants admit this Court has jurisdiction and supplemental jurisdiction over the present matter.

2.    Answering Defendants admit this Court has jurisdiction and supplemental jurisdiction over the present matter.

3.    Answering Defendants admit venue is proper, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**INTRODUCTION**

4.    Answering Defendants deny any legal basis for seeking compensatory and punitive damages from Defendants, and therefore deny paragraph 4.

**PARTIES**

5.    Answering Defendants lack information or belief to respond and, on that basis, deny paragraph 5.

6.    Answering Defendants lack information or belief to respond and, on that basis, deny paragraph 6.

7.    Answering Defendants lack information or belief to respond and, on that basis, deny paragraph 7.

8.    Answering Defendants lack information or belief to respond and, on that basis, deny paragraph 8.

9.    Answering Defendants lack information or belief to respond and, on that basis, deny paragraph 9.

10.   Answering Defendants lack information or belief to respond and, on that basis, deny paragraph 10.

11.   Answering Defendants lack information or belief to respond and, on that basis, deny paragraph 11.

12.    Answering Defendants admit that Officer Neil Johnson is a CHP officer acting under color of law within the course and scope of his duties as an officer for CHP. Answering Defendants lack information or belief as to the remaining allegations contained within paragraph 12, and, on that basis, deny them.

13.    Answering Defendants lack information or belief, and, on that basis, deny paragraph 13.

14.    Answering Defendants lack information or belief, and, on that basis, deny paragraph 14.

15.    Paragraph 15 does not include allegations against answering Defendants. To the extent an answer is required, lack information or belief, and, on that basis, deny paragraph 15.

16.    Answering Defendants admit paragraph 16 as to answering Officer Johnson only; however, answering Defendants lack information or belief as to Defendant BROOKS or DOES 1-25, and, on that basis, deny paragraph 16 as to Defendant BROOKS or DOES 1-25.

17.    Answering Defendants lack information or belief, and, on that basis, deny paragraph 17.

18.    Answering Defendants lack information or belief, and, on that basis, deny paragraph 18.

19.    Answering Defendants admit paragraph 19.

20.    Answering Defendants lack information or belief, and, on that basis, deny paragraph 20.

21.    Answering Defendants deny the allegations contained in paragraph 21.

22.    Answering Defendants lack information or belief, and, on that basis, deny paragraph 22.

23.    Answering Defendants admit Plaintiffs filed a timely claim which was rejected by operation of law on April 18, 2024. Answering Defendants deny the remaining allegations contained in paragraph 23.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

24. Answering paragraph 24, which reincorporates prior paragraphs, answering Defendants repeat and re-allege each admission and denial with the same force and effect as if fully set forth herein.

25. Answering Defendants admit Officer Johnson attempted to pull Decedent over on September 17, 2023. Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 25, and on that basis, deny them.

26. Answering Defendants admit paragraph 26.

27. Answering Defendants admit paragraph 27.

28. Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 28, and on that basis, deny them.

29. Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 29, and on that basis, deny them.

30. Answering Defendants deny each and every allegation in paragraph 30.

31. Answering Defendants admit Officer Johnson utilized his taser. Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 31, and on that basis, deny them.

32. Answering Defendants admit that Officer Johnson fired shots at Decedent. These answering Defendants deny the remaining allegations contained in paragraph 32.

33. Answering Defendants deny each and every allegation in paragraph 33.

34. Answering Defendants deny each and every allegation in paragraph 34.

35. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 35, and on that basis, deny them.

36. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 35, and on that basis, deny them.

37.  Answering Defendants deny each and every allegation that Defendant Johnson failed to timely summon medical care or permit medical personnel to treat Decedent, or that there was any delay in medical care. These answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 37, and on that basis, deny them.

38.  Answering Defendants admit the allegations that Decedent sustained gunshot wounds to his body. These answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 38, and on that basis, deny them.

39.  Answering Defendants lack information or belief to respond to paragraph 39, and therefore deny paragraph 39 on that basis.

40.  Answering Defendants lack information or belief to respond to paragraph 40, and therefore deny paragraph 40 on that basis.

41.  Answering Defendants lack information or belief to respond to paragraph 41, and therefore deny paragraph 41 on that basis.

42.  Answering Defendants lack information or belief to respond to paragraph 42, and therefore deny paragraph 42 on that basis.

43.  Answering Defendants lack information or belief to respond to paragraph 43, and therefore deny paragraph 43 on that basis.

## FIRST CLAIM FOR RELIEF

### Fourth amendment – Unreasonable Search and Seizure/Detention and Arrest

### (42 U.S.C. §1983)

44.  Answering Defendants repeats each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

45.  Answering Defendants admit Officer Johnson attempted to pull Decedent over on September 17, 2023. Answering Defendants lack information or belief to

5

respond to the remaining allegations contained within paragraph 45, and on that basis, deny them.

46.   Answering Defendants admit the allegations in paragraph 46.

47.   Answering Defendants admit the allegations in paragraph 47.

48.   Answering Defendants lack information or belief to respond to paragraph 48, and therefore deny paragraph 48 on that basis.

49.   The allegations in paragraph 49 contain legal conclusions to which no answer is required.

50.   Answering Defendants deny each and every allegation in paragraph 50.

51.   Answering Defendants deny each and every allegation in paragraph 51.

52.   Answering Defendants deny each and every allegation in paragraph 52.

53.   Answering Defendants deny each and every allegation in paragraph 53.

54.   Answering Defendants deny each and every allegation in paragraph 54.

55.   Answering Defendants lack information or belief to respond to paragraph 55, and therefore deny paragraph 55 on that basis denies each and every allegation in paragraph 55.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. §1983)

56.   Answering Defendants repeats each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

57.   Answering Defendants admit Officer Johnson attempted to pull Decedent over on September 17, 2023. Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 57, and on that basis, deny them.

58.   Answering Defendants admit the allegations in paragraph 58.

59.   Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 59, and on that basis, deny them.

60.    Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 60, and on that basis, deny them.

61.    Answering Defendants admit Officer Johnson utilized his taser. Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 61, and on that basis, deny them.

62.    Answering Defendants admit that Officer Johnson fired shots at Decedent. These answering Defendants deny the remaining allegations contained in paragraph 62.

63.    Answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 63, and on that basis, deny them.

64.    Answering Defendants deny each and every allegation in paragraph 64.

65.    Answering Defendants admit Officer Johnson was acting under color of law and in the course and scope of his duties as an officer with CHP. These answering Defendants also admit that Officer Johnson fired shots at Decedent. These answering Defendants lack information or belief to respond to the remaining allegations contained within paragraph 65, and on that basis, deny them.

66.    Answering Defendants deny each and every allegation in paragraph 66.

67.    Answering Defendants lack information or belief to respond to the allegations contained within paragraph 67, and on that basis, deny them.

68.    Answering Defendants deny each and every allegation in paragraph 68.

69.    Answering Defendants deny each and every allegation in paragraph 69.

70.    Answering Defendants lack information or belief to respond to the allegations contained within paragraph 70, and on that basis, deny them.

## THIRD CLAIM FOR RELIEF

**Fourth Amendment – Failure to Intercede in Excessive Force (42 U.S.C. §1983)**

71.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 71, answering Defendants deny each and every allegation therein.

72.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 72, answering Defendants deny each and every allegation therein.

73.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 73, answering Defendants deny each and every allegation therein.

74.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 74, answering Defendants deny each and every allegation therein.

75.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 75, answering Defendants deny each and every allegation therein.

76.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 76, answering Defendants deny each and every allegation therein.

77.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 77, answering Defendants deny each and every allegation therein.

78.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 78, answering Defendants deny each and every allegation therein.

79.    Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 79, answering Defendants deny each and every allegation therein.

80.   Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 80, answering Defendants deny each and every allegation therein.

81.   Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 81, answering Defendants deny each and every allegation therein.

82.   Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 82, answering Defendants deny each and every allegation therein.

83.   Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 83, answering Defendants deny each and every allegation therein.

84.   Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 84, answering Defendants deny each and every allegation therein.

85.   Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 85, answering Defendants deny each and every allegation therein.

86.   Plaintiffs' Third Claim for Relief does not apply to answering Defendants; to the extent answering Defendants must answer paragraph 86, answering Defendants deny each and every allegation therein.

## FOURTH CLAIM FOR RELIEF

### Fourth Amendment – Denial of Medical Care (42 U.S.C. §1983)

87.   Answering Defendants repeats each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

88.   Answering Defendants lack information or belief to respond to the allegations contained within paragraph 88, and on that basis, deny them.

9

89.   Answering Defendants deny each and every allegation in paragraph 89.

90.   Answering Defendants deny each and every allegation in paragraph 90.

91.   Answering Defendants lack information or belief to respond to the allegations contained within paragraph 91, and on that basis, deny them.

92.   Answering Defendants deny each and every allegation in paragraph 92.

93.   Answering Defendants deny each and every allegation in paragraph 93.

94.   Answering Defendants deny each and every allegation in paragraph 94.

95.   Answering Defendants lack information or belief to respond to the allegations contained within paragraph 95, and on that basis, deny them.

## FIFTH CLAIM FOR RELIEF

### Fourteenth Amendment – Substantive Due Process (42 U.S.C. §1983)

96.   Answering Defendants repeats each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

97.   Answering Defendants admit the allegations in paragraph 97.

98.   The allegations in paragraph 98 contain legal conclusions to which no answer is required.

99.   The allegations in paragraph 99 contain legal conclusions to which no answer is required.

100. Answering Defendants deny each and every allegation in paragraph 100.

101. Answering Defendants deny each and every allegation in paragraph 101.

102. Answering Defendants deny each and every allegation in paragraph 102.

103. Answering Defendants deny each and every allegation in paragraph 103.

104. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 104, and on that basis, deny them.

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

105. Answering Defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

106. Answering Defendants admit that Officer Johnson was working in the course and scope of his duties as a CHP officer. Answering Defendants deny each and every remaining allegation in paragraph 106.

107. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 107, and on that basis, deny them.

108. Answering Defendants deny each and every allegation in paragraph 108.

109. Answering Defendants deny each and every allegation in paragraph 109.

110. The allegations in paragraph 110 contain legal conclusions to which no answer is required.

111. Answering Defendants deny each and every allegation in paragraph 111.

112. Answering Defendants deny each and every allegation in paragraph 112.

113. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 113, and on that basis, deny them.

114. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 114, and on that basis, deny them.

## SEVENTH CLAIM FOR RELIEF

### Battery

115. Answering Defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

116. Answering Defendants admit that Officer Johnson was acting in the course and scope of his duties as an officer with CHP. Answering Defendants also admit that Officer Johnson shot Decedent. Answering Defendants deny each and every remaining allegation in paragraph 116.

11

117. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 117, and on that basis, deny them.

118. The allegations in paragraph 118 contain legal conclusions to which no answer is required.

119. Answering Defendants deny each and every allegation in paragraph 119.

120. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 120, and on that basis, deny them.

## EIGHTH CLAIM FOR RELIEF

### Negligence

121. Answering Defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

122. The allegations in paragraph 122 contain legal conclusions to which no answer is required.

123. Answering Defendants deny each and every allegation in paragraph 123.

124. Answering Defendants deny each and every allegation in paragraph 124.

125. The allegations in paragraph 125 contain legal conclusions to which no answer is required.

126. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 126, and on that basis, deny them.

## NINTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code §52.1

127. Answering Defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

128. The allegations in paragraph 128 contain legal conclusions to which no answer is required.

129. Answering Defendants admit that Officer Johnson was working and acting within the course and scope of his employment as a CHP Officer. Answering Defendants deny each and every remaining allegation in paragraph 129.

130. Answering Defendants deny each and every allegation in paragraph 130.

131. Answering Defendants deny each and every allegation in paragraph 131.

132. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 132, and on that basis, deny them.

133. Answering Defendants deny each and every allegation in paragraph 133.

134. Answering Defendants deny each and every allegation in paragraph 134.

135. The allegations in paragraph 135 contain legal conclusions to which no answer is required.

136. The allegations in paragraph 136 contain legal conclusions to which no answer is required.

137. Answering Defendants deny each and every allegation in paragraph 137.

138. Answering Defendants lack information or belief to respond to the allegations contained within paragraph 138, and on that basis, deny them.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

FIRST AFFIRMATIVE DEFENSE:

Plaintiffs' First Amended Complaint, and every claim alleged in it, fail to state a claim against Defendants upon which the Court can grant relief.

SECOND AFFIRMATIVE DEFENSE:

Plaintiffs' First Amended Complaint does not rise to the level of a constitutional statutory violation.

THIRD AFFIRMATIVE DEFENSE:

That at all times alleged, Defendants acted in good faith and are entitled to qualified immunity. Defendants' conduct was protected by all applicable statutory

13

and common law immunities, including, but not limited to, all absolute and qualified immunities.

FOURTH AFFIRMATIVE DEFENSE:

Defendants are entitled to qualified immunity, and official and quasi-judicial immunity. Defendants acted at all times relevant to this lawsuit in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and the laws of the United States and the State of California. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

FIFTH AFFIRMATIVE DEFENSE:

All actions taken during the incident complained of were taken in response to an emergency situation.

SIXTH AFFIRMATIVE DEFENSE:

There was reasonable cause to make or attempt to make the detention or arrest, if any, alleged in the First Amended Complaint.

SEVENTH AFFIRMATIVE DEFENSE:

To the extent that Defendants or any of their employees or agents used force during the incident alleged in the First Amended Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in self-defense and the lawful defense of third parties.

EIGHTH AFFIRMATIVE DEFENSE:

This action against a public entity is barred by the failure to precede the action with a claim as required by Government Code sections 905.2, 905.7, 911.2, 945.2 and 950.2.

NINTH AFFIRMATIVE DEFENSE:

1    Decedent willfully and unlawfully used force and violence upon the officers

2   and provoked the altercation and events alleged in the First Amended

3   Complaint.  The force employed, to prevent the continuance of such conduct was

4   reasonable and not excessive.

5        TENTH AFFIRMATIVE DEFENSE:

6    Defendants did not act with malicious intent to deprive any person of a

7   constitutional right or to cause injury, and therefore are not liable.

8        ELEVENTH AFFIRMATIVE DEFENSE:

9    Defendants' conduct occurred in the proper exercise of the officers' job

10  duties and police powers without malice or intent to deprive any person of any right

11  arising under the Constitution or laws of the United States or State of California, or

12  to do any person any other injury.

13       TWELFTH AFFIRMATIVE DEFENSE:

14   Defendants did not deprive Plaintiffs or their decedent of any right, privilege,

15  or immunity guarantee by the Constitution or laws of the United States or laws of

16  the State of California.

17       THIRTEENTH AFFIRMATIVE DEFENSE:

18   Plaintiffs' First Amended Complaint and each of its causes of action are

19  uncertain.

20       FOURTEENTH AFFIRMATIVE DEFENSE:

21   Decedent voluntarily and knowingly assumed each, every and all the risks

22  and hazards involved in the activities alleged in the complaint.

23       FIFTEENTH AFFIRMATIVE DEFENSE:

24   Answering Defendants will be entitled to reasonable attorney fees and costs of

25  suit upon prevailing within the meaning of 42 United States Code section 1988.

26       SIXTEENTH AFFIRMATIVE DEFENSE:

27   Defendants did not owe a duty of care to Plaintiffs and did not have a special

28  relationship to any person alleged in the First Amended Complaint so as to give rise

15

to any duty running to any person. *Zelig v. County of Los Angeles*, 27 Cal. 4th 111, 1131 (2002).

SEVENTEENTH AFFIRMATIVE DEFENSE:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of Plaintiffs and the Decedent, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

EIGHTEENTH AFFIRMATIVE DEFENSE:

There is no respondeat superior liability for public entities under 42 U.S.C. section 1983. *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690 (1978).

NINETEENTH AFFIRMATIVE DEFENSE:

Public entities are not liable for employee torts that occur outside the scope of employment. *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal.4th 925, 932-933 (1998).

TWENTIETH AFFIRMATIVE DEFENSE:

At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

TWENTY-FIRST AFFIRMATIVE DEFENSE:

The actions or inactions complained of by Plaintiffs were proximately caused by the negligence or wrongful conduct of persons and/or entities other than Defendants, and that liability, if any, of Defendants should therefore either be barred or reduced to the extent of such negligence.

TWENTY-SECOND AFFIRMATIVE DEFENSE:

Plaintiffs failed to take reasonable steps to mitigate their injuries, and damages, if any there are. Any recovery by Plaintiffs should be reduced by those damages Plaintiffs failed to adequately mitigate.

TWENTY-THIRD AFFIRMATIVE DEFENSE:

Under California Government Code sections 962, 965 through 965.9, 984 and 985, any judgment entered may be paid by periodic payments rather than in a lump sum and may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to trial.

TWENTY-FOURTH AFFIRMATIVE DEFENSE:

Plaintiffs are not entitled to attorneys' fees for state or common law claims.

TWENTY-FIFTH AFFIRMATIVE DEFENSE:

Should Plaintiffs recover damages, the amount should be abated, apportioned, and reduced to the extent that the negligence or other legal responsibility of any other person or entity caused or contributed to the damages, if any.

TWENTY-SIXTH AFFIRMATIVE DEFENSE:

The First Amended Complaint and each claim for relief fail to allege facts sufficient to state a cause of action for interest under California Civil Code sections 3287 and 3291.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE:

The First Amended Complaint and each cause of action therein are barred by the statute of limitations of California Code of Civil Procedure section 342 [relating to claims against public entities] and California Government Code sections 945.4 and 945.6.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE:

Because the First Amended Complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully

anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

TWENTY-NINTH AFFIRMATIVE DEFENSE:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

THIRTIETH AFFIRMATIVE DEFENSE:

Answering Defendants were at all relevant times acting within the course and scope of duty of public employment.

THIRTY-FIRST AFFIRMATIVE DEFENSE:

The conduct of Decedent estops Plaintiffs from claiming the damages alleged in the First Amended Complaint.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Decedent willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, Defendants, whom Decedent knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the First Amended Complaint.  Such conduct is a reasonable implied assumption of the risk.

THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defenses based upon future discovery that may arise at a later time.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants State of California, acting by and through the California Highway Patrol, and Officer Neil Johnson pray that:

1.  Judgment be rendered in favor of Defendants State of California, acting by and through the California Highway Patrol, and Officer Neil Johnson and against plaintiff; and

18

1    2.  Plaintiffs take nothing by the First Amended Complaint; and

2    3.  Defendants State of California, acting by and through the California

3    Highway Patrol, and Officer Neil Johnson be awarded costs of suit incurred herein;

4    and

5    4.  Defendants State of California, acting by and through the California

6    Highway Patrol, and Officer Neil Johnson be awarded such other and further relief

7    as the Court may deem necessary and proper.

8

9    Dated:  January 2, 2025                    Respectfully submitted,

10                                              ROB BONTA
                                                Attorney General of California
11                                              DONNA M. DEAN
                                                Supervising Deputy Attorney
12                                              General

13

14                                              ASHLEY REYES
15                                              Deputy Attorney General
                                                JAMIE SHEPHERD
16                                              Deputy Attorney General
                                                *Attorneys for Defendants State of*
17                                              *California, acting by and through*
                                                *the California Highway Patrol, and*
18                                              *Officer Neil Johnson*

19

20

21

22   SF2024950051
     Answer.docx
23

24

25

26

27

28

1

2
# DEMAND FOR JURY TRIAL

3

4       Pursuant to Federal Rule of Civil Procedure 38, subdivision (b), Defendants

5   hereby make a demand for a jury trial on any issue triable of right by a jury.

6
   Dated:  January 2, 2024                    Respectfully submitted,
7
                                              ROB BONTA
8                                             Attorney General of California
                                              DONNA M. DEAN
9                                             Supervising Deputy Attorney General

10

11                                            /s/ Jamie Shepherd
                                              ASHLEY REYES
12                                            Deputy Attorney General
                                              JAMIE SHEPHERD
13                                            Deputy Attorney General
                                              *Attorneys for Defendants State of*
14                                            *California, acting by and through the*
                                              *California Highway Patrol, and*
15                                            *Officer Neil Johnson*

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE

Case Name:    **S.N. v. State of California**

Case No.:    **1:24-cv-09447**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230. On January 2, 2024, I served the following document(s):

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES BY DEFENDANTS STATE OF CALIFORNIA, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL, AND NEIL JOHNSON**

(A)    **By Facsimile:** I served the attached document by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306. The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine. Pursuant to rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☒  on the parties through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

(B)    **By First Class Mail:** I caused each such envelope to be placed in the internal mail collection system at the Office of the Attorney General in a sealed envelope, for deposit in the United States Postal Service with po

(C)    **By Certified Mail:** I caused each such sealed envelope to be placed in the internal mail collection system at the Office of the Attorney General as certified mail with return receipt requested.

(D)    **By Messenger Service:** I caused each such envelope to be delivered to a courier employed by a professional messenger service, with whom we have a direct billing account, who personally delivered each such envelope to the office of the addresses listed below. Name of messenger service: _____

(E)    **By Overnight Mail:** I caused each such envelope to be placed in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided. Name of overnight service: _____

☒  on the parties through their attorneys of record, by electronic mail for service as designated below:

(F)    **By [Name of Court Required System]:** Correspondence that is submitted electronically is transmitted using the [System Name] electronic filing system. Participants who are registered with [System Name] will be served electronically.

(G)    **By E-mail:**  I served the attached document by transmitting a true copy via electronic mail.


TYPE OF SERVICE:  [C,G]
Dale Galipo, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd 310
Woodland Hills, CA 91367
E-mail Address:
dalekgalipo@yahoo.com
rvalentine@galipolaw.com

*Attorney for Plaintiff*


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 2, 2024, at Los Angeles, California.


Juan Ligutom
_____
Declarant

*Juan Ligutom*
_____
Signature


SF2024950051
67317251.docx