LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N., et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 3:24-cv-09447-WHO<br><br>Assigned to:<br>Hon. District Judge William H. Orrick<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　April 1, 2025<br>Time:　2:00 p.m. |

# JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to this Court's order, the parties hereby submit the following Joint Report in advance of the April 1, 2025, case management conference.

## 1. Jurisdiction & Service

This case was removed from state court. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs have served the operative complaint on each of the Defendants, and the Defendants have answered Plaintiffs' complaint.

## 2. Statement of Facts

### a. According to Plaintiffs

This is a civil rights case brought pursuant to 42 U.S.C. § 1983 and California law arising from the officer-involved shooting of William Nelson ("the decedent"). The Plaintiffs are: S.N., by and through his Guardian *ad litem,* Vonice Nelson (son of the decedent); Chee-Shep Nelson (daughter of the decedent); Ke-Gat Nelson (son of the decedent); William Nelson, Jr., (son of the decedent); and Cindy McKinnon (mother of the decedent). The defendants are: the State of California; California Highway Patrol ("CHP") Officer Neil Johnson (the shooting officer); and County of Humboldt Corporal David Brooks.

This incident occurred on September 17, 2023, at approximately 7:30 a.m. On that date, the decedent was driving on State Route 96 with two passengers driving to go fishing, when CHP Officer Neil Johnson attempted to pull the decedent over for an alleged minor traffic infraction. Corporal Brooks, who had also been monitoring traffic with Officer Johnson in their respective, separate patrol units, followed Officer Johnson as Officer Johnson followed the decedent. After a brief pursuit, the decedent pulled over into a turnout and exited his vehicle. On information and belief, Officer Johnson approached the decedent, and the decedent moved about 200 yards down the road along the shoulder of the road. Officer Johnson followed the

decedent. Corporal Brooks arrived at the scene shortly after the decedent pulled into the turnout.

On information and belief, when Officer Johnson and Corporal Brooks initiated the traffic stop of the decedent, they had no information that any person was at risk of harm or danger; they had no information about the decedent's background or history; they did not see the decedent act in a violent, threatening, or aggressive manner; they had no information that a crime was being or about to be committed by the decedent; and they had no information that the decedent was armed with any weapon. On information and belief, after initiating the traffic stop, the decedent exited his vehicle, and Officer Johnson used his taser against the decedent. Then, Officer Johnson fired multiple lethal shots at the decedent, striking and injuring the decedent and ultimately killing him. Officer Johnson's shooting at the decedent caused the decedent to fall to the ground. Officer Johnson was not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue the decedent and to take the decedent into custody, yet Officer Johnson did not exhaust these alternatives. On information and belief, prior to using deadly force against the decedent, Johnson issued no warnings that he would do so, despite it being feasible.

Plaintiffs contend that Corporal Brooks integrally participated in and failed to intervene in Officer Johnson's uses of excessive force against the decedent. Corporal Brooks was at the scene, and on information and belief, was aware that Officer Johnson had deployed his taser and firearm at the decedent. Corporal Brooks stood by where the vehicles had pulled over on the side of the road. On information and belief, Corporal Brooks failed to take reasonable steps to intervene to stop Officer Johnson's uses of excessive and unreasonable force against the decedent, despite having a responsibility and realistic opportunity to intervene, and he integrally participated in Officer Johnson's uses of force.

On information and belief, despite having knowledge that the decedent was seriously injured by Officer Johnson's use of deadly force, Officers Johnson and Brooks failed to timely summon medical care or permit medical personnel to treat the decedent. The delay of medical care to the decedent was a contributing cause of the decedent's harm, injury, pain and suffering, and ultimate death. The decedent sustained gunshot wounds to his body, and he died as a result of those injuries.

### b. According to Corporal Brooks

Once decedent pulled over, decedent fled from his vehicle and was pursued by Officer Johnson. Corporal Brooks arrived to the location where the CHP patrol vehicle and the vehicle driven by decedent were located on the side of the road. Corporal Brooks remained with the vehicles and decedent's passengers. Corporal Brooks was not present when force was allegedly used by Officer Johnson and had no knowledge force was used. Corporal Brooks had no opportunity to intervene. Moreover, Corporal Brooks had no knowledge decedent had been injured until after emergency medical care had been summoned.

### c. According to CHP Defendants

On September 17, 2023, at approximately 7:25 a.m., CHP Officer Neil Johnson and Humboldt County Officer David Brooks were parked across from the Hoopa Mini Mart. At that time, the officers observed a silver Volkswagen sedan violating multiple vehicle codes. After making such observations, the officers followed Nelson's vehicle and activated their overhead lights to initiate a traffic stop.

Nelson failed to pull over and turned onto a dirt road. Nelson exited his vehicle and began to flee on foot. Officer Johnson pursued Nelson on foot. During the pursuit and attempted apprehension, Nelson physically attacked Officer Johnson and took Officer Johnson's taser and used it on Officer Johnson causing significant injuries. Medical care was timely summoned by Johnson.

### 3. Legal Issues

1) Whether the uses of force against the decedent by Officer Johnson violated the decedent's constitutional right to be free from excessive force under 42 USC § 1983 and the Fourth Amendment;
2) Whether Corporal Brooks was an integral participant or had a reasonable opportunity to intervene in Officer Johnson's alleged uses of force.
3) Whether Corporal Brooks' alleged integral participation and failure to intervene in Officer Johnson's uses of force violated the decedent's constitutional right to be free from excessive force under 42 USC § 1983 and the Fourth Amendment;
4) Whether the individual defendants violated the decedent's constitutional right to timely medical attention after the shooting under 42 USC § 1983 and the Fourth Amendment
5) Whether the defendants interfered with Plaintiffs' right to a familial relationship with their decedent under 42 USC § 1983 and the Fourteenth Amendment;
6) Whether the uses of force against the decedent by Officer Johnson were unreasonable pursuant to California law;
7) Whether Officer Johnson was negligent toward the decedent under California law;
8) Whether Officer Johnson acted with a reckless disregard toward the decedent;
9) Whether the qualified immunity applies to Officer Johnson and Corporal Brooks.
10) Decedent's comparative fault.
11) Damages.

### 4. Motions

It is anticipated Corporal Brooks will move for summary judgment in the event he is not voluntarily dismissed.

CHP defendants intend to file a motion to stay discovery as to Johnson due to the ongoing criminal investigation of Johnson arising out of this incident by the California Attorney General's Office.

CHP Defendants expect to file summary judgment motions.

Plaintiffs request two weeks to oppose any dispositive motion.

### 5. Amendment of Pleadings

Plaintiffs do not contemplate amending the pleadings at this time.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The parties agree to provide initial disclosures on or before March 25, 2025.

### 8. Discovery

The Parties have not yet conducted any discovery. Plaintiffs intend to promptly begin discovery. CHP defendants intend to seek a stay of discovery

pertaining to Johnson pending completion of the Attorney General's criminal investigation.

The Parties have reviewed the e-discovery and have considered entering into a stipulated protective e-discovery order.

The Parties have discussed a potential discovery plan and were unable to agree on dates. The Parties propose their respective dates in paragraph 15.

**9. Class Actions**

N/A

**10. Related Cases**

The parties are not aware of any related cases.

**11. Relief**

Plaintiffs seek survival damages under federal and state law, including damages for the decedent's loss of life, loss of enjoyment of life, and pre-death pain and suffering. Plaintiffs also seek wrongful death damages under federal and state law, including for the Plaintiffs' loss of the decedent's love, comfort, companionship, support, guidance, and training. Plaintiffs also seek punitive damages, costs, and attorneys' fees.

Defendants deny that Plaintiffs are entitled to any relief. Defendants do not seek any affirmative relief in this case.

**12. Settlement and ADR**

No ADR efforts have been made to date. The parties have agreed to discuss ADR at the CMC.

**13. Other References**

N/A

//

## 14. Narrowing of Issues

The key issue in this case is whether Officer Johnson's uses of force against the decedent were excessive and unreasonable. Plaintiffs contend that resolution of this issue may be expedited by conducting Officer Johnson's deposition.

Defendants contend immunities apply to the officers, including qualified immunity. Defendant Brooks further contends that he was not involved in the alleged wrongful conduct and should be dismissed.

## 15. Scheduling

The Parties have been unable to agree on dates. The Parties propose the following dates:

| Event | Plaintiffs' proposed Date | Defendants' Proposed Dates |
| --- | --- | --- |
| Exchange of initial disclosures | 3/25/25 | 3/25/25 |
| Last day to amend pleadings | 6/24/2025 | |
| Non-expert discovery cutoff | 9/26/25 | 3/25/26 |
| Initial disclosure of expert reports | 10/31/25 | 5/25/26 |
| Responsive/rebuttal expert reports | 11/21/25 | 6/25/26 |
| Expert discovery cutoff | 1/23/2026 | 12/21/26 |

| Filing of dispositive motions | | | 3/6/2026 | 2/21/27 |
|---|---|---|---|---|
| Hearing on dispositive motions | | | 5/6/2026 | 4/20/27 |
| Pre-trial Conference Statements | | | 7/24/2026 | 6/22/27 |
| Pre-trial Conference/Hearing on Motions in Limine | | | 8/19/2026 | 7/20/27 |
| Trial | | | 9/21/2026 | 8/22/27 |

**16.  Trial**

The parties have requested a trial by jury, which the parties anticipate will take five to seven of the Court's trial days.

**17.  Disclosure of Non-party Interested Entities or Persons**

Plaintiffs have filed their Certification of Interested Entities or Persons. Plaintiffs do not identify any persons, firms, partnerships, corporations, or other entities (other than the Defendants, the State of California, the County of Humboldt, Neil Johnson, and David Brooks) known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants do not identify any persons, firms, partnerships, corporations (including parent corporations) or other entities known to have (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other

kind of interest that could be substantially affected by the outcome of the proceeding.

**18. Professional Conduct**

The Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: March 25, 2025        LAW OFFICES OF DALE K. GALIPO

By  *s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs

DATED: March 25, 2025        THE MITCHELL LAW FIRM, LLP

By  /s/
Nicholas R. Kloeppel
Attorneys for David Brooks

DATED: March 25, 2025        Dean Gazo & Roistacher, LLP

By  /s/
Lee. H. Roistacher
Brooke M. Mesner
Attorneys for State of California and Officer Neil Johnson

As the filer of this document, I hereby certify that the above parties have consented to the use of their e-signatures on this document.

| | |
|---|---|
| DATED: March 25, 2025 | LAW OFFICES OF DALE K. GALIPO |
| | By  *s/ Dale K. Galipo* |
| | Dale K. Galipo |
| | Renee V. Masongsong |
| | Attorneys for Plaintiffs |