LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| S.N., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 3:24-cv-09447-WHO<br><br>Assigned to:<br>Hon. District Judge William H. Orrick<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      October 7, 2025<br>Time:      2:00 p.m. |

## <u>JOINT CASE MANAGEMENT CONFERENCE STATEMENT</u>

Pursuant to this Court's order, the parties hereby submit the following Joint Report in advance of the October 7, 2025, case management conference.

**1. Jurisdiction & Service**

This case was removed from state court. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § § 1331 and 1343. Plaintiffs have served the operative complaint on each of the Defendants, and the Defendants have answered Plaintiffs' complaint.

**2. Statement of Facts**

**a. According to Plaintiffs**

This is a civil rights case brought pursuant to 42 U.S.C. § 1983 and California law arising from the officer-involved shooting of William Nelson ("the decedent"). The Plaintiffs are: S.N., by and through his Guardian *ad litem,* Vonice Nelson (son of the decedent); Chee-Shep Nelson (daughter of the decedent); Ke-Gat Nelson (son of the decedent); William Nelson, Jr., (son of the decedent); and Cindy McKinnon (mother of the decedent). The defendants are: the State of California; California Highway Patrol ("CHP") Officer Neil Johnson (the shooting officer); and County of Humboldt Corporal David Brooks.

This incident occurred on September 17, 2023, at approximately 7:30 a.m. On that date, the decedent was driving on State Route 96 with two passengers driving to go fishing, when CHP Officer Neil Johnson attempted to pull the decedent over for an alleged minor traffic infraction. Corporal Brooks, who had also been monitoring traffic with Officer Johnson in their respective, separate patrol units, followed Officer Johnson as Officer Johnson followed the decedent. After a brief pursuit, the decedent pulled over into a turnout and exited his vehicle. On information and belief, Officer Johnson approached the decedent, and the decedent moved about 200 yards down the road along the shoulder of the road. Officer Johnson followed the

decedent. Corporal Brooks arrived at the scene shortly after the decedent pulled into the turnout.

On information and belief, when Officer Johnson and Corporal Brooks initiated the traffic stop of the decedent, they had no information that any person was at risk of harm or danger; they had no information about the decedent's background or history; they did not see the decedent act in a violent, threatening, or aggressive manner; they had no information that a crime was being or about to be committed by the decedent; and they had no information that the decedent was armed with any weapon. On information and belief, after initiating the traffic stop, the decedent exited his vehicle, and Officer Johnson used his taser against the decedent. Then, Officer Johnson fired multiple lethal shots at the decedent, striking and injuring the decedent and ultimately killing him. Officer Johnson's shooting at the decedent caused the decedent to fall to the ground. Officer Johnson was not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue the decedent and to take the decedent into custody, yet Officer Johnson did not exhaust these alternatives. On information and belief, prior to using deadly force against the decedent, Johnson issued no warnings that he would do so, despite it being feasible.

The Parties have scheduled the deposition of Defendant Corporal Brooks to take place on November 4, 2025.

### b. According to Corporal Brooks

Once decedent pulled over, decedent fled from his vehicle and was pursued by Officer Johnson. Corporal Brooks arrived to the location where the CHP patrol vehicle and the vehicle driven by decedent were located on the side of the road. Corporal Brooks remained with the vehicles and decedent's passengers. Corporal Brooks was not present when force was allegedly used by Officer Johnson and had no knowledge force was used. Corporal Brooks had no opportunity to intervene.

Moreover, Corporal Brooks had no knowledge decedent had been injured until after emergency medical care had been summoned.

### c. According to CHP Defendants

On September 17, 2023, at approximately 7:25 a.m., CHP Officer Neil Johnson and Humboldt County Officer David Brooks were parked across from the Hoopa Mini Mart. At that time, the officers observed a silver Volkswagen sedan violating multiple vehicle codes. After making such observations, the officers followed Nelson's vehicle and activated their overhead lights to initiate a traffic stop.

Nelson failed to pull over and turned onto a dirt road. Nelson exited his vehicle and began to flee on foot. Officer Johnson pursued Nelson on foot. During the pursuit and attempted apprehension, Nelson physically attacked Officer Johnson and took Officer Johnson's taser and used it on Officer Johnson causing significant injuries. Medical care was timely summoned by Johnson.

## 3. Legal Issues

1) Whether the uses of force against the decedent by Officer Johnson violated the decedent's constitutional right to be free from excessive force under 42 USC § 1983 and the Fourth Amendment;

2) Whether Corporal Brooks was an integral participant or had a reasonable opportunity to intervene in Officer Johnson's alleged uses of force.

3) Whether Corporal Brooks' alleged integral participation and failure to intervene in Officer Johnson's uses of force violated the decedent's constitutional right to be free from excessive force under 42 USC § 1983 and the Fourth Amendment;

4) Whether the individual defendants violated the decedent's constitutional right to timely medical attention after the shooting under 42 USC § 1983 and the Fourth Amendment

5) Whether the defendants interfered with Plaintiffs' right to a familial relationship with their decedent under 42 USC § 1983 and the Fourteenth Amendment;

6) Whether the uses of force against the decedent by Officer Johnson were unreasonable pursuant to California law;

7) Whether Officer Johnson was negligent toward the decedent under California law;

8) Whether Officer Johnson acted with a reckless disregard toward the decedent;

9) Whether the qualified immunity applies to Officer Johnson and Corporal Brooks.

10) Decedent's comparative fault.

11) Damages.

## 4. Motions

It is anticipated Corporal Brooks will move for summary judgment in the event he is not voluntarily dismissed.

If necessary, the CHP defendants might file a motion to stay discovery as to Johnson due to the ongoing criminal investigation of Johnson arising out of this incident by the California Attorney General's Office.

CHP Defendants expect to file summary judgment motions.

Plaintiffs request two weeks to oppose any dispositive motion.

The Parties have discovered an additional alleged heir of the decedent, whom Defendants assert is a necessary party to this action, and the Parties are working together to resolve this issue.

**5. Amendment of Pleadings**

Plaintiffs do not contemplate amending the pleadings at this time.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures**

The Parties have exchanged initial disclosures.

**8. Discovery**

The Parties have propounded and responded to certain written discovery.

The CHP defendants request that the Court continues to instruct the parties to refrain from discovery related to Officer Johnson, pending the Attorney General's criminal investigation. If necessary, CHP defendants may seek a stay of discovery pertaining to Johnson. Through a third-party subpoena to the Attorney General's Office, the CHP defendants have obtained the investigation file into the officer involved shooting. CHP defendants will coordinate with all parties to share the investigation file.

A protective order was issued on March 21, 2025.

**9. Class Actions**

N/A

**10. Related Cases**

The parties are not aware of any related cases.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**11.  Relief**

Plaintiffs seek survival damages under federal and state law, including damages for the decedent's loss of life, loss of enjoyment of life, and pre-death pain and suffering. Plaintiffs also seek wrongful death damages under federal and state law, including for the Plaintiffs' loss of the decedent's love, comfort, companionship, support, guidance, and training.  Plaintiffs also seek punitive damages, costs, and attorneys' fees.

Defendants deny that Plaintiffs are entitled to any relief. Defendants do not seek any affirmative relief in this case.

**12.  Settlement and ADR**

No ADR efforts have been made to date.

**13.  Other References**

N/A

**14.  Narrowing of Issues**

The key issue in this case is whether Officer Johnson's uses of force against the decedent were excessive and unreasonable.  Plaintiffs contend that resolution of this issue may be expedited by conducting Officer Johnson's deposition.

Defendants contend immunities apply to the officers, including qualified immunity. Defendant Brooks further contends that he was not involved in the alleged wrongful conduct and should be dismissed.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## 15. Scheduling

The Parties propose the following dates:

| Event | Parties' Proposed Date |
|---|---|
| Exchange of initial disclosures | completed |
| Last day to amend pleadings | 3/6/26 |
| Non-expert discovery cutoff | 9/25/26 |
| Initial disclosure of expert reports | 10/23/26 |
| Responsive/rebuttal expert reports | 11/20/26 |
| Expert discovery cutoff | 12/21/26 |
| Filing of dispositive motions | 2/21/27 |
| Hearing on dispositive motions | 4/20/27 |
| Pre-trial Conference Statements | 6/22/27 |
| Pre-trial Conference/Hearing on Motions in Limine | 7/20/27 |
| Trial | 8/23/27 |

## 16. Trial

The parties have requested a trial by jury, which the parties anticipate will take five to seven of the Court's trial days.

## 17.    Disclosure of Non-party Interested Entities or Persons

Plaintiffs have filed their Certification of Interested Entities or Persons. Plaintiffs do not identify any persons, firms, partnerships, corporations, or other entities (other than the Defendants, the State of California, the County of Humboldt, Neil Johnson, and David Brooks) known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

However, the Parties have discovered an additional alleged heir of the decedent whom Defendants contend is a necessary party to the action. The Parties are working together to resolve this issue, and Plaintiffs may file a revised Certification of Interested Entities or Persons.

Defendants do not identify any persons, firms, partnerships, corporations (including parent corporations) or other entities known to have (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**18**. **Professional Conduct**

The Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1

2     DATED:  September 30, 2025          LAW OFFICES OF DALE K. GALIPO

3
                                          By            *s/ Renee V. Masongsong*
4                                             Dale K. Galipo
                                              Renee V. Masongsong
5                                             Attorneys for Plaintiffs

6
      DATED:  September 30, 2025          THE MITCHELL LAW FIRM, LLP
7

8                                         By          */s/ Nicholas R. Kloeppel*
9                                             Nicholas R. Kloeppel
                                              Attorneys for David Brooks
10

11    DATED:  September 30, 2025          Dean Gazo & Roistacher, LLP

12

13                                        By           */s/ Brooke M. Mesner*
                                              Lee. H. Roistacher
14                                            Brooke M. Mesner
                                              Attorneys for State of California and Officer
15                                            Neil Johnson

16

17

18
             As the filer of this document, I hereby certify that the above parties have
19
      consented to the use of their e-signatures on this document.
20

21    DATED:  September 30, 2025          LAW OFFICES OF DALE K. GALIPO

22

23                                        By            *s/ Renee V. Masongsong*
                                              Dale K. Galipo
24                                            Renee V. Masongsong
                                              Attorneys for Plaintiffs
25

26

27

28
                                    -9-