**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N., et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>          Defendants. | Case No. 3:24-cv-09447-WHO<br><br>Assigned to:<br>Hon. District Judge William H. Orrick<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    April 7, 2026<br>Time:    2:00 p.m. |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to this Court's order, the parties hereby submit the following Joint Report in advance of the April 7, 2026 case management conference.

### 1. Jurisdiction & Service

This case was removed from state court. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § § 1331 and 1343. Plaintiffs have served the operative complaint on each of the Defendants, and the Defendants have answered Plaintiffs' complaint.

### 2. Statement of Facts

#### a. According to Plaintiffs

This is a civil rights case brought pursuant to 42 U.S.C. § 1983 and California law arising from the officer-involved shooting of William Nelson ("the decedent"). The Plaintiffs are: S.N., by and through his Guardian *ad litem,* Vonice Nelson (son of the decedent); Chee-Shep Nelson (daughter of the decedent); Ke-Gat Nelson (son of the decedent); William Nelson, Jr., (son of the decedent); and Cindy McKinnon (mother of the decedent). The defendants are the State of California and California Highway Patrol ("CHP") Officer Neil Johnson (the shooting officer). County of Humboldt Corporal David Brooks has been dismissed from the case.

This incident occurred on September 17, 2023, at approximately 7:30 a.m. On that date, the decedent was driving on State Route 96 with two passengers driving to go fishing, when CHP Officer Neil Johnson attempted to pull the decedent over for an alleged minor traffic infraction. Corporal Brooks, who had also been monitoring traffic with Officer Johnson in their respective, separate patrol units, followed Officer Johnson as Officer Johnson followed the decedent. After a brief pursuit, the decedent pulled over into a turnout and exited his vehicle. On information and belief, Officer Johnson approached the decedent, and the decedent moved about 200 yards down the road along the shoulder of the road. Officer Johnson followed the

decedent. Corporal Brooks arrived at the scene shortly after the decedent pulled into the turnout.

On information and belief, when Officer Johnson and Corporal Brooks initiated the traffic stop of the decedent, they had no information that any person was at risk of harm or danger; they had no information about the decedent's background or history; they did not see the decedent act in a violent, threatening, or aggressive manner; they had no information that a crime was being or about to be committed by the decedent; and they had no information that the decedent was armed with any weapon. On information and belief, after initiating the traffic stop, the decedent exited his vehicle, and Officer Johnson used his taser against the decedent. Then, Officer Johnson fired multiple lethal shots at the decedent, striking and injuring the decedent and ultimately killing him. Officer Johnson's shooting at the decedent caused the decedent to fall to the ground. Officer Johnson was not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue the decedent and to take the decedent into custody, yet Officer Johnson did not exhaust these alternatives. On information and belief, prior to using deadly force against the decedent, Johnson issued no warnings that he would do so, despite it being feasible.

**b. According to CHP Defendants**

On September 17, 2023, at approximately 7:25 a.m., CHP Officer Neil Johnson and Humboldt County Officer David Brooks were parked across from the Hoopa Mini Mart. At that time, the officers observed a silver Volkswagen sedan violating multiple vehicle codes. After making such observations, the officers followed Nelson's vehicle and activated their overhead lights to initiate a traffic stop.

Nelson failed to pull over and turned onto a dirt road. Nelson exited his vehicle and began to flee on foot. Officer Johnson pursued Nelson on foot. During

the pursuit and attempted apprehension, Nelson physically attacked Officer Johnson and took Officer Johnson's taser and used it on Officer Johnson causing significant injuries. Medical care was timely summoned by Johnson.

**3. Legal Issues**

1) Whether the uses of force against the decedent by Officer Johnson violated the decedent's constitutional right to be free from excessive force under 42 USC § 1983 and the Fourth Amendment;

2) Whether Officer Johnson violated the decedent's constitutional right to timely medical attention after the shooting under 42 USC § 1983 and the Fourth Amendment

3) Whether Officer Johnson interfered with Plaintiffs' right to a familial relationship with their decedent under 42 USC § 1983 and the Fourteenth Amendment;

4) Whether the uses of force against the decedent by Officer Johnson were unreasonable pursuant to California law;

5) Whether Officer Johnson was negligent toward the decedent under California law;

6) Whether Officer Johnson acted with a reckless disregard toward the decedent;

7) Whether the qualified immunity applies to Officer Johnson.

8) Decedent's comparative fault.

9) Damages.

**4. Motions**

If necessary, the CHP defendants might file a motion to stay discovery as to Johnson due to the ongoing criminal investigation of Johnson arising out of this incident by the California Attorney General's Office.

CHP Defendants expect to file summary judgment motions.

Plaintiffs request two weeks to oppose any dispositive motion.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The Parties have discovered an additional alleged heir of the decedent, whom Defendants assert is a necessary party to this action, and the Parties are working together to resolve this issue.

**5. Amendment of Pleadings**

Plaintiffs do not contemplate amending the pleadings at this time.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

The Parties have exchanged initial disclosures.

**8.  Discovery**

The Parties have propounded and responded to certain written discovery.

The CHP defendants request that the Court continues to instruct the parties to refrain from discovery related to Officer Johnson, pending the Attorney General's criminal investigation. If necessary, CHP defendants may seek a stay of discovery pertaining to Johnson. Through a third-party subpoena to the Attorney General's Office, the CHP defendants have obtained the investigation file into the officer involved shooting. CHP defendants will coordinate with all parties to share the investigation file.

A protective order was issued on March 21, 2025.

Plaintiffs would like to move forward with conducting Officer Johnson's deposition. This case has been stayed for a considerable amount of time. There have been no updates regarding the status of the criminal investigation, and the criminal

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

investigation should not dictate this Court's schedule for an indefinite period of time.

## 9. Class Actions

N/A

## 10. Related Cases

The parties are not aware of any related cases.

## 11. Relief

Plaintiffs seek survival damages under federal and state law, including damages for the decedent's loss of life, loss of enjoyment of life, and pre-death pain and suffering. Plaintiffs also seek wrongful death damages under federal and state law, including for the Plaintiffs' loss of the decedent's love, comfort, companionship, support, guidance, and training. Plaintiffs also seek punitive damages, costs, and attorneys' fees.

Defendants deny that Plaintiffs are entitled to any relief. Defendants do not seek any affirmative relief in this case.

## 12. Settlement and ADR

No ADR efforts have been made to date.

## 13. Other References

N/A

## 14. Narrowing of Issues

The key issue in this case is whether Officer Johnson's uses of force against the decedent were excessive and unreasonable. Plaintiffs contend that resolution of this issue may be expedited by conducting Officer Johnson's deposition.

Defendants contend immunities apply to the officers, including qualified immunity.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## 15. Scheduling

The Parties propose the following dates, contingent upon this court

| Event | Parties' Proposed Date |
|---|---|
| Exchange of initial disclosures | completed |
| Last day to amend pleadings | 4/10/26 |
| Non-expert discovery cutoff | 9/25/26 |
| Initial disclosure of expert reports | 10/23/26 |
| Responsive/rebuttal expert reports | 11/20/26 |
| Expert discovery cutoff | 12/21/26 |
| Filing of dispositive motions | 2/21/27 |
| Hearing on dispositive motions | 4/20/27 |
| Pre-trial Conference Statements | 6/22/27 |
| Pre-trial Conference/Hearing on Motions in Limine | 7/20/27 |
| Trial | 8/23/27 |

## 16. Trial

The parties have requested a trial by jury, which the parties anticipate will take five to seven of the Court's trial days.

## 17.    Disclosure of Non-party Interested Entities or Persons

Plaintiffs have filed their Certification of Interested Entities or Persons. Plaintiffs do not identify any persons, firms, partnerships, corporations, or other entities (other than the Defendants, the State of California, the County of Humboldt, Neil Johnson, and David Brooks) known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. However, the Parties have discovered an additional alleged heir of the decedent whom Defendants contend is a necessary party to the action. The Parties are

working together to resolve this issue, and Plaintiffs may file a revised Certification of Interested Entities or Persons.

Defendants do not identify any persons, firms, partnerships, corporations (including parent corporations) or other entities known to have (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**18**. **Professional Conduct**

The Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  3/31/26                          LAW OFFICES OF DALE K. GALIPO

By            *s/ Renee V. Masongsong*
                  Dale K. Galipo
                  Renee V. Masongsong
                  Attorneys for Plaintiffs

DATED:  3/31/26                          Dean Gazo & Roistacher, LLP

By            */s/ Brooke M. Mesner*
                  Lee. H. Roistacher
                  Brooke M. Mesner
                  Attorneys for State of California and Officer
                  Neil Johnson

///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

-8-

As the filer of this document, I hereby certify that the above parties have consented to the use of their e-signatures on this document.

DATED:  3/31/26                    LAW OFFICES OF DALE K. GALIPO

                                   By_____      s/ Renee V. Masongsong
                                       Dale K. Galipo
                                       Renee V. Masongsong
                                       Attorneys for Plaintiffs