**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiffs, S.N., CHEE-SHEP NELSON, KE-GAT NELSON, WILLIAM NELSON, JR., AND CINDY MCKINNON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

S.N., by and through his G.A.L. Vonice Nelson; CHEE-SHEP NELSON; KE-GAT NELSON; WILLIAM NELSON, JR., individually and as successors-in-interest to WILLIAM NELSON, deceased; and CINDY MCKINNON, individually

Plaintiffs,

vs.

STATE OF CALIFORNIA; NEIL JOHNSON; ME-GECIK NELSON, individually and nominally; and DOES 1-10, inclusive,

Defendants.

Case No. 3:24-cv-09447-WHO

Assigned to:
Hon. District Judge William H. Orrick

**[PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES**

1. Fourth Amendment – Unreasonable Seizure/Unlawful Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)
5. False Arrest/Imprisonment
6. Battery (Survival and Wrongful Death)
7. Negligence (Survival and Wrongful Death)
8. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

Come now Plaintiffs S.N., by and through his Guardian *ad litem* Vonice Nelson; CHEE-SHEP NELSON; KE-GAT NELSON; WILLIAM NELSON, JR., individually and as successors-in-interest to WILLIAM NELSON, deceased; and CINDY MCKINNON, individually; for their Complaint against Defendants STATE OF CALIFORNIA; NEIL JOHNSON; and DOES 1-10, inclusive, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

3. At all relevant times, Decedent WILLIAM "WILLIE" NELSON ("DECEDENT") was an individual residing in the Hoopa Valley Tribal lands, California and was a member of the Hoopa Valley Tribe.

4. Plaintiff S.N., by and through his Guardian *ad litem,* Vonice Nelson, is a minor residing in the City of Oroville, County of Butte, California. S.N. is the biological son of DECEDENT and sues in his individual capacity and as successor-in-interest to DECEDENT. S.N. seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

5. Plaintiff CHEE-SHEP NELSON is an individual residing in the City of Hoopa, County of Humboldt, California. CHEE-SHEP NELSON is the biological daughter of DECEDENT and sues in her individual capacity and as successor-in-interest to DECEDENT. CHEE-SHEP NELSON seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

6. Plaintiff KE-GAT NELSON is an individual residing in the City of Hoopa, County of Humboldt, California. KE-GAT NELSON is the biological son of DECEDENT and sues in his individual capacity and as successor-in-interest to DECEDENT. KE-GAT NELSON seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

7. Plaintiff WILLIAM NELSON JR. is an individual residing in the City of Hoopa, County of Humboldt, California. WILLIAM NELSON JR. is the biological son of DECEDENT and sues in his individual capacity and as successor-in-interest to DECEDENT. WILLIAM NELSON JR. seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

8. Plaintiff CINDY MCKINNON is an individual residing in the City of Hoopa, County of Humboldt, California. CINDY MCKINNON is the natural mother of DECEDENT and sues in her individual capacity. CINDY MCKINNON seeks wrongful death damages, compensatory damages and punitive damages under federal and state law.

9. ME-GECIK NELSON is named herein as a nominal Defendant. ME-GECIK NELSON is not represented by Plaintiffs' counsel, and on information and belief, he is the biological son of DECEDENT, and therefore theoretically may be entitled to bring a claim related to the death of DECEDENT. Defendants assert that ME-GECIK NELSON may be considered a "necessary party" for Plaintiffs' wrongful death claims. On information and belief, ME-GECIK NELSON did not

present a tort claim pursuant to Government Code § 910 et seq. ME-GECIK NELSON is over the age of eighteen. On information and belief, ME-GECIK NELSON is a resident of McKinleyville, California. Plaintiffs do not know whether ME-GECIK NELSON wishes to attempt to bring any claims in this matter. Plaintiffs do not believe or claim that ME-GECIK NELSON is in any way responsible for DECEDENT'S death. ME-GECIK NELSON, therefore, is named as a nominal Defendant.

10. At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") is and was a duly organized public entity existing under the laws of the State of California. STATE is and was responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees. At all relevant times, Defendant STATE is and was responsible for the management and overseeing of the CHP, for the actions or inactions of the Defendants Neil Johnson and DOES 1-10, and for the policies, practices, and/or customs relating to the CHP and its officers. At all relevant times, STATE was the employer of Defendants NEIL JOHNSON and DOES 1-10.

11. At all relevant times, Defendant NEIL JOHNSON ("JOHNSON") and DOES 1-7, inclusive (collectively "OFFICER DEFENDANTS") were duly appointed by STATE as CHP officers and employees or agents of STATE, subject to oversight and supervision by STATE's elected and non-elected officials. JOHNSON, and DOES 1-7 acted under color of law within the course and scope of their duties as officers for the CHP. At all relevant times, OFFICER DEFENDANTS were acting within the complete authority and ratification of their principal, Defendant STATE.

12. At all relevant times, Defendants DOES 8-10 are managerial, supervisorial, and policymaking employees of the CHP, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and

policymaking employees for the CHP and the STATE. DOES 8-10 were acting with the complete authority and ratification of their principal, Defendant STATE.

13. In doing the acts and failing and omitting to act as hereinafter described, JOHNSON and DOES 1-10 were acting on the implied and actual permission and consent of Defendant STATE.

14. On information and belief, JOHNSON and DOES 1-10 are residents of the County of Humboldt.

15. In doing the acts and failing and omitting to act as hereinafter described, DOE OFFICERS (DOES 1-7) were acting on the implied and actual permission and consent of Defendant STATE.

16. JOHNSON and DOES 1-10 are sued in their individual capacities.

17. The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

18. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

20. On or around March 4, 2024, Plaintiffs filed comprehensive and timely claims for damages with the STATE pursuant to the applicable sections of the

California Government Code. Said claims were deemed rejected by STATE by operation of law on April 18, 2024. Plaintiffs timely filed this action in state court (the superior court for the County of Humboldt), and Defendants removed this action to the instant federal court.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

22. This incident occurred on September 17, 2023, at approximately 7:30 a.m. On that date, DECEDENT was driving on State Route 96 with two passengers driving to go fishing, when CHP Officer Neil Johnson ("JOHNSON") attempted to pull DECEDENT over for alleged vehicle code infractions.

23. On information and belief, when JOHNSON initiated the traffic stop of DECEDENT, he had no information that any person was at risk of harm or danger; he had no information about DECEDENT'S background or history; he did not see DECEDENT act in a violent, threatening, or aggressive manner; he had no information that a crime was being or about to be committed by DECEDENT; and they had no information that Decedent was armed with any weapon.

24. After a brief vehicle pursuit, DECEDENT pulled over into a turnout and exited his vehicle.

25. JOHNSON approached DECEDENT, and DECEDENT moved about 200 yards down the road along the shoulder of the road. JOHNSON followed DECEDENT. JOHNSON pointed his Taser at DECEDENT, and then DECEDENT stopped running and placed his hands palms up. An altercation ensued, and then DECEDENT ran away again, and JOHNSON successfully deployed his Taser at DECEDENT'S back. After the Taser was successfully deployed, another altercation ensued, wherein JOHNSON fired the lethal shots.

26. While acting under color of state law and in the course and scope of his duties as law enforcement officer for the CHP, JOHNSON fired three lethal shots at DECEDENT, striking and injuring DECEDENT and ultimately killing him. Decedent was lying flat on his back at the time of the shots. Even though JOHNSON was not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody, including redeploying the Taser or using his police baton, JOHNSON did not exhaust these alternatives.

27. Prior to using deadly force against DECEDENT, JOHNSON issued no warnings that he would do so, despite it being feasible.

28. At the time JOHNSON used deadly force against DECEDENT, DECEDENT posed no immediate threat of death or serious bodily injury to anyone, including JOHNSON or any other officers or bystanders. Therefore, the shooting was excessive and unreasonable.

29. On information and belief, despite having knowledge that DECEDENT was seriously injured by JOHNSON'S use of deadly force, JOHNSON failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT'S harm, injury, pain and suffering, and ultimate death.

30. DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

31. Plaintiff S.N., is DECEDENT'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT'S interest in this action as the biological son of DECEDENT.

32. Plaintiff CHEE-SHEP NELSON is DECEDENT'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT'S interest in this action as the biological daughter of DECEDENT.

33. Plaintiff KE-GAT NELSON is DECEDENT'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT'S interest in this action as the biological son of DECEDENT.

34. Plaintiff WILLIAM NELSON JR. is DECEDENT'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT'S interest in this action as the biological son of DECEDENT.

35. Plaintiff CINDY MCKINNON is DECEDENT'S biological mother and relied on DECEDENT in part for at least some of the necessities of life.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment —Unreasonable Search and Seizure/Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. against JOHNSON)

36. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37. This incident occurred on September 17, 2023 at approximately 7:30 a.m. On that date, DECEDENT was driving on State Route 96 with two passengers to go fishing, when JOHNSON attempted to pull DECEDENT over for alleged minor vehicle code infractions.

38. Defendant JOHNSON acted under color of law and within the course and scope of their employment as a CHP Officer for Defendant STATE.

39. At all relevant times, DECEDENT had a legitimate expectation of privacy of his person and within his vehicle and person, which is rooted in understandings that are recognized and permitted by society as reasonable.

40. Upon information and belief, at the time of JOHNSON'S seizure of Decedent, he had no information that any person was at risk of harm or danger; JOHNSON had no information about DECEDENT'S background or history; did not see DECEDENT act in a violent, threatening, or aggressive manner; had no information that a crime was being or about to be committed by DECEDENT; and had no information as to whether DECEDENT was armed with any weapon.

41. JOHNSON had no reasonable suspicion to detain or probable cause to arrest DECEDENT.

42. When JOHNSON unreasonably stopped DECEDENT'S vehicle, and later pointed his firearm at DECEDENT, and shot DECEDENT, he violated DECEDENT'S right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. In addition to the unjustified stop of DECEDENT being unreasonable, the scope and manner of the detention was also unreasonable. It was not necessary to use force, including lethal force against DECEDENT, who was unarmed.

43. The conduct of JOHNSON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant JOHNSON.

44. As a result of his misconduct, Defendant JOHNSON is liable for DECEDENT'S injuries and death.

45. Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. bring this claim as successors-in-interest to DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life, for the violation of DECEDENT'S rights. Plaintiffs also seek attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

(Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. against JOHNSON)

46. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

47. This incident occurred on September 17, 2023 at approximately 7:30 a.m. On that date, DECEDENT was driving on State Route 96 with two passengers to go fishing, JOHNSON attempted to pull DECEDENT over for alleged vehicle code infractions.

48. After a brief pursuit, DECEDENT pulled over into a turnout and exited his vehicle.

49. JOHNSON approached DECEDENT, and DECEDENT moved about 200 yards down the road along the shoulder of the road. JOHNSON followed DECEDENT. JOHNSON pointed his Taser at DECEDENT, and then DECEDENT stopped running and placed his hands palms up. An altercation ensued, and then DECEDENT ran away again, and JOHNSON successfully deployed his Taser at DECEDENT'S back. After the Taser was successfully deployed, another altercation ensued, wherein JOHNSON fired the lethal shots.

50. While acting under color of state law and in the course and scope of his duties as law enforcement officer for the CHP, JOHNSON fired three lethal shots at DECEDENT, striking and injuring DECEDENT and ultimately killing him. Decedent was lying flat on his back at the time of the shots. Even though JOHNSON was not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody, including redeploying the Taser or using his police baton, JOHNSON

did not exhaust these alternatives. Prior to using deadly force against DECEDENT, JOHNSON issued no warnings that he would do so, despite it being feasible.

51. At the time JOHNSON used the Taser and deadly force against DECEDENT, DECEDENT posed no immediate threat of death or serious bodily injury to anyone, including JOHNSON or any other officers or bystanders. Therefore, the use of the Taser and the shooting were excessive and unreasonable.

52. JOHNSON'S unjustified use of deadly force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

53. At all relevant times, including during the Taser deployment and all of the shots, DECEDENT was not armed with a gun or a knife at any point during the incident and posed no immediate threat of death or serious bodily injury to JOHNSON or anyone else. Therefore, the shooting was excessive and unreasonable. There were less than lethal alternatives to detain or take DECEDENT into custody.

54. As a result of the foregoing, DECEDENT suffered great pain up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

55. The conduct of JOHNSON was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

56. As a result of his misconduct, JOHNSON is liable for DECEDENT'S injuries and death.

57. Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. bring this claim as successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life, for the violation of DECEDENT'S rights. Plaintiffs also seek attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. against JOHNSON and DOES 1-7)

58. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. After JOHNSON shot DECEDENT multiple times, DECEDENT was immobile on the ground, alive, bleeding profusely, and was in obvious and critical need of medical care and treatment.

60. On information and belief, JOHNSON failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and/or refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

61. The denial of medical care by JOHNSON deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

62. As a result of the foregoing, DECEDENT suffered great pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

63. JOHNSON knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

64. The conduct of JOHNSON was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to JOHNSON.

65. As a result of his misconduct, JOHNSON liable for DECEDENT'S injuries.

66. Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. bring this claim as successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life, for the violation of DECEDENT'S rights. Plaintiffs also seek attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)

(All Plaintiffs against JOHNSON and DOES 1-7)

67. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68. JOHNSON acted under color of state law at all relevant times.

69. Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their father, DECEDENT.

70. Plaintiff CINDY MCKINNON had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as

to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her son, DECEDENT.

71. The aforementioned actions of JOHNSON, along with other undiscovered conduct, shock the conscience, in that he acted with deliberate indifference to the constitutional rights of Plaintiffs, including by using excessive and unreasonable deadly force against DECEDENT and by denying him medical care, all of which caused injuries that resulted in DECEDENT'S death, and with purpose to harm unrelated to any legitimate law enforcement objective. JOHNSON is liable to Plaintiffs for the interference with their familial relationship with DECEDENT.

72. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. JOHNSON thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

73. As a direct and proximate cause of the acts of JOHNSON, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

74. The conduct of JOHNSON was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to JOHNSON.

75. Plaintiffs bring this claim individually for the interference with their relationship with their father and son, DECEDENT, and seek wrongful death damages for the violation of Plaintiffs' rights. Plaintiffs also seek attorney's fees under this claim.

//

## FIFTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment**

(By Plaintiffs against Defendants JOHNSON, STATE)

76. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

77. JOHNSON, while working as a police officer for the CHP and acting within the course and scope of his duties, intentionally deprived Decedent of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. JOHNSON detained Decedent without reasonable suspicion and arrested him without probable cause.

78. DECEDENT did not knowingly or voluntarily consent.

79. JOHNSON detained DECEDENT for an appreciable amount of time.

80. The conduct of Defendant JOHNSON-was a substantial factor in causing the harm to Decedent.

81. Defendant STATE is vicariously liable for the wrongful acts of Defendant JOHNSON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. The conduct of JOHNSON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

83. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including pain and suffering, and wrongful death damages under this claim.

**SIXTH CLAIM FOR RELIEF**

**Battery (wrongful death and survival)**

(By Plaintiffs against Defendants JOHNSON and STATE))

84. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85. JOHNSON, while working as a law enforcement officer for the CHP, and acting within the course and scope of his duties, intentionally Tased DECEDENT and shot DECEDENT three times, thereby using unreasonable and excessive force against him. As a result of the actions of JOHNSON, DECEDENT ultimately died from his injuries. JOHNSON had no legal justification for using force against DECEDENT, and his use of deadly force while carrying out his duties as a police officer was an unreasonable and non-privileged use of deadly force.

86. As a direct and proximate result of the conduct of JOHNSON as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

87. STATE is vicariously liable for the wrongful acts of JOHNSON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88. The conduct of JOHNSON was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to JOHNSON.

89. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including pre-death pain and suffering and loss of life, and wrongful death damages under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Negligence (wrongful death and survival)**

(Plaintiffs against STATE and JOHNSON)

90. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

91. Law enforcement officers, including JOHNSON, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

92. JOHNSON breached this duty of care. Upon information and belief, the actions and inactions of JOHNSON were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to pursue DECEDENT alone, on foot, for alleged minor vehicle code infractions;

(b) the failure to properly and adequately assess the need to use deadly force against DECEDENT;

(c) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(d) the negligent use of deadly force against DECEDENT, who was experiencing a mental health crisis/distress;

(e) the failure to provide prompt medical care to DECEDENT;

(f) the failure to properly train and supervise JOHNSON and DOES 1-10 with respect to the use of deadly force;

(g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(h) the negligent handling of evidence and witnesses;

(i) the negligent communication of information during the incident; and

93. As a direct and proximate result of JOHNSON'S conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also as a direct and proximate result of JOHNSON'S conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

94. STATE is vicariously liable for the wrongful acts of JOHNSON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including pre-death pain and suffering and loss of life, and wrongful death damages under this claim.

//

**<u>EIGHTH CLAIM FOR RELIEF</u>**

**Violation of Cal. Civil Code § 52.1**

(By Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR. against STATE and JOHNSON)

96. Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil rights, which can be inferred by a reckless disregard for the person's civil rights.

98. On information and belief, JOHNSON, while working for the STATE and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of DECEDENT'S civil rights, including by Tasing him in the back when he was running away, fatally shooting him without justification or excuse, and by denying and/or delaying necessary medical care, to prevent him from exercising his right or to retaliate against him for having exercised his rights.

99. When JOHNSON shot DECEDENT numerous times, he deliberately subjected DECEDENT to excessive force that was beyond what was necessary and coercively interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property. JOHNSON'S Taser deployment also demonstrates a reckless disregard for DECEDENT'S constitutional right to be free from excessive force.

100. On information and belief, JOHNSON specifically intended to violate DECEDENT'S constitutional rights as stated above, as demonstrated by JOHNSON'S reckless disregard for DECEDENT'S constitutional rights to be free from excessive force and denial of medical care, which he was fully entitled to enjoy. Thus, Plaintiffs can recover for violation of the Bane Act as successors-in-interest to DECEDENT. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

101. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by JOHNSON were intended to coercively interfere with DECEDENT'S civil rights, to discourage him from exercising the above civil rights or to prevent him from exercising such rights.

102. JOHNSON successfully interfered with the above civil rights of DECEDENT.

103. The conduct of JOHNSON was a substantial factor in causing DECEDENT'S harms, losses, injuries, and damages.

104. Defendants DOES 8-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

105. STATE is vicariously liable for the wrongful acts of JOHNSON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

106. The conduct of JOHNSON was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for DECEDENT'S rights, justifying an award of exemplary and punitive damages as to JOHNSON.

107. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, attorney's fees, and litigation costs under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs S.N., CHE-SHEP NELSON, KE-GAT NELSON, and WILLIAM NELSON JR., individually and as successors-in-interest to William "Willie" Nelson, and CINDY MCKINNON, individually, requests entry of judgment in their favor and against Defendants STATE OF CALIFORNIA, NEIL JOHNSON, nominal defendant ME-GECIK NELSON and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages including for pre-death pain and suffering and wrongful death damages under federal and state law, in an amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages;

E. For treble damages pursuant to California Civil Code Sections 52, 52.1;

F. For interest;

G. For reasonable attorneys' fees, including litigation expenses;

H. For costs of suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: April 2, 2026

LAW OFFICES OF DALE K. GALIPO

By: *s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs, S.N., et al.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: April 2, 2026

LAW OFFICES OF DALE K. GALIPO

By: *s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs, S.N., et al.