Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Brooke M. Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:  lroistacher@deangazzo.com
          bmesner@deangazzo.com

Attorneys for Defendants
State of California and Officer Neil Johnson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| S.N., by and through his G.A.L. Vonice Nelson; CHEE-SHEP NELSON; KE-GAT NELSON; WILLIAM NELSON, JR., individually and as successors-in-interest to WILLIAM NELSON, deceased; and CINDY MCKINNON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; NEIL JOHNSON; ME-GECIK NELSON, individually and nominally; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:   3:24-cv-09447-WHO<br><br>**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES BY DEFENDANTS STATE OF CALIFORNIA, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL, AND NEIL JOHNSON AND DEMAND FOR JURY TRIAL**<br><br>Courtroom:     2<br>Judge:         Hon. William H. Orrick<br><br>Complaint Filed: October 14, 2024<br>Trial Date: None set |

Defendants State of California, acting by and through the California Highway Patrol, and Officer Neil Johnson, and in response to the Second Amended Complaint on file herein admit, deny, and allege as follows:

## JURISDICTION AND VENUE

1.      Answering defendants admit this Court has jurisdiction and supplemental jurisdiction over the present matter.

2.      Answering defendants admit venue is proper, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

1

**PARTIES**

3.    Answering defendants lack information or belief to respond and, on that basis, deny paragraph 3.

4.    Answering defendants lack information or belief to respond and, on that basis, deny paragraph 4.

5.    Answering defendants lack information or belief to respond and, on that basis, deny paragraph 5.

6.    Answering defendants lack information or belief to respond and, on that basis, deny paragraph 6.

7.    Answering defendants lack information or belief to respond and, on that basis, deny paragraph 7.

8.    Answering defendants lack information or belief to respond and, on that basis, deny paragraph 8.

9.    Answering defendants admit that Me-Gecik Nelson did not present a tort claim pursuant to Government Code § 910 et seq. Answering defendants lack information or belief as to the remaining allegations in paragraph 9 to respond and, on that basis, deny paragraph 9.

10.    Answering defendants lack information or belief to respond and, on that basis, deny paragraph 10.

11.    Answering defendants admit that Officer Neil Johnson is a CHP officer acting under the color of law within the course and scope of his duties as an officer for CHP. Answering Defendants lack information or belief as to the remaining allegations contained within paragraph 11, and on that basis, deny them.

12.    Answering defendants lack information or belief, and, on that basis, deny paragraph 12.

13.    Answering defendants lack information or belief, and, on that basis, deny paragraph 13.

///

///

2

Case No. 1:24-cv-09447-WHO

14. Answering defendants admit paragraph 14 as to answering Officer Johnson only; however, Answering defendants lack information or belief as to DOES 1-10, and, on that basis, deny paragraph 14 as to DOES 1-10.

15. Answering defendants lack information or belief, and, on that basis, deny paragraph 15.

16. Answering defendants admit paragraph 16 as to Officer Johnson only; however, Answering defendants lack information or belief as to DOES 1-10, and, on that basis, deny paragraph 16 as to DOES 1-10.

17. Answering defendants lack information or belief, and, on that basis, deny paragraph 17.

18. Answering defendants deny the allegations contained in paragraph 18.

19. Answering defendants lack information or belief, and on that basis, deny paragraph 19.

20. Answering defendants admit plaintiffs filed a claim which was rejected by operation of law on April 18, 2024. Answering defendants further admit that plaintiffs filed this action in state court (the superior court for the County of Humboldt), and defendants removed this action to the instant federal court. Answering defendants deny the remaining allegations contained in paragraph 20.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21. Answering paragraph 21, which reincorporates prior paragraphs, Answering defendants repeat and re-allege each admission and denial with the same force and effect as if fully set forth herein.

22. Answering defendants admit Officer Johnson attempted to pull Decedent over on September 17, 2023. Answering defendants lack information or belief to respond to the remaining allegations contained within paragraph 22, and on that basis, deny them.

23. Answering defendants deny each and every allegation in paragraph 23.

24. Answering defendants admit paragraph 24.

///

3

25.    Answering defendants admit Officer Johnson utilized his taser, an altercation ensued between Officer Johnson and decedent, and Officer Johnson fired shots at decedent. The Answering defendants deny the remaining allegations contained in paragraph 25.

26.    Answering defendants deny each and every allegation in paragraph 26.

27.    Answering defendants deny each and every allegation in paragraph 27.

28.    Answering defendants deny each and every allegation in paragraph 28.

29.    Answering defendants deny each and every allegation that Defendant Johnson failed to timely summon medical care or permit medical personnel to treat Decedent, or that there was any delay in medical care. These Answering defendants lack information or belief to respond to the remaining allegations contained in paragraph 29, and on that basis deny them.

30.    Answering defendants admit the allegations that decedent sustained gunshot wounds to his body. These Answering defendants lack information or belief to respond to the remaining allegations contained in paragraph 30, and on that basis, deny them.

31.    Answering defendants lack information or belief to respond to paragraph 31, and therefore deny paragraph 31 on that basis.

32.    Answering defendants lack information or belief to respond to paragraph 32, and therefore deny paragraph 32 on that basis.

33.    Answering defendants lack information and belief to respond to paragraph 33, and therefore deny paragraph 33 on that basis.

34.    Answering defendants lack information and belief to respond to paragraph 34, and therefore deny paragraph 34 on that basis.

35.    Answering defendants lack information and belief to respond to paragraph 35, and therefore deny paragraph 35 on that basis.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Unreasonable Search and Seizure/Detention and Arrest

### (42 U.S.C. § 1983)

36.    Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein.

4

37. Answering defendants admit Officer Johnson attempted to pull decedent over on September 17, 2023. Answering defendants lack information or belief to respond to the remaining allegations contained within paragraph 37, and on that basis, deny them.

38. Answering defendants admit the allegation in paragraph 38.

39. The allegations in paragraph 39 contain legal conclusions to which no answer is required.

40. Answering defendants deny each and every allegation in paragraph 40.

41. Answering defendants deny each and every allegation in paragraph 41.

42. Answering defendants deny each and every allegation in paragraph 42.

43. Answering defendants deny each and every allegation in paragraph 43.

44. Answering defendants deny each and every allegation in paragraph 44.

45. Answering defendants lack information or belief to respond to paragraph 45, and therefore deny paragraph 45 on that basis denies each and every allegation in paragraph 45.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force

### (42 U.S.C. § 1983)

46. Answering defendants repeat each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

47. Answering defendants admit Officer Johnson attempted to pull decedent over on September 17, 2023. Answering defendants lack information or belief to respond to the remaining allegations contained within paragraph 47, and on that basis, deny them.

48. Answering defendants admit the allegations in paragraph 48.

49. Answering defendants admit Officer Johnson utilized his taser, an altercation ensued between Officer Johnson and decedent, and Officer Johnson fired shots at decedent. The Answering defendants deny the remaining allegations contained in paragraph 49.

50. Answering defendant admit Officer Johnson was acting under color of law and in the course and scope of his duties as an officer with CHP. These answering defendants also admit that Officer Johnson fired shots at decedent. These answering defendants lack information

or belief to respond to the remaining allegations contained within paragraph 50, and on that basis deny them.

51. Answering defendant deny each and every allegation in paragraph 51.

52. Answering defendants deny each and every allegation in paragraph 52.

53. Answering defendants deny each and every allegation in paragraph 53.

54. Answering defendants lack information or belief to respond to allegations contained within paragraph 54, and on that basis, deny them.

55. Answering defendants deny each and every allegation in paragraph 55.

56. Answering defendants deny each and every allegation in paragraph 56.

57. Answering defendants lack information or belief to respond to the allegations contained within paragraph 57, and on that basis, deny them.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment – Denial of Medical Care

### (42 U.S.C. § 1983)

58. Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein.

59. Answering defendants lack information or belief to respond to the allegations contained within paragraph 59, and on that basis, deny them.

60. Answering defendants deny each and every allegation in paragraph 60.

61. Answering defendants deny each and every allegation in paragraph 61.

62. Answering defendants lack information or belief to respond to the allegations contained within paragraph 62, and on that basis, deny them.

63. Answering defendants deny each and every allegation in paragraph 63.

64. Answering defendants deny each and every allegation in paragraph 64.

65. Answering defendants deny each and every allegation in paragraph 65.

66. Answering defendants lack information or belief to respond to the allegations contained within paragraph 66, and on that basis, deny them.

///

Case No. 1:24-cv-09447-WHO

## FOURTH CLAIM FOR RELIEF

### Fourteenth Amendment – Substantive Due Process

### (42 U.S.C. § 1983)

67. Answering defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

68. Answering defendants admit the allegations in paragraph 68.

69. The allegations in paragraph 69 contain legal conclusions to which no answer is required.

70. The allegations in paragraph 70 contain legal conclusions to which no answer is required.

71. Answering defendants deny each and every allegation in paragraph 71.

72. Answering defendants deny each and every allegation in paragraph 72.

73. Answering defendants deny each and every allegation in paragraph 73.

74. Answering defendants deny each and every allegation in paragraph 74.

75. Answering defendants lack information or belief to respond to the allegations contained within paragraph 104, and on that basis, deny them.

## FIFTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

76. Answering defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

77. Answering defendants admit that Officer Johnson was working in the course and scope of his duties at a CHP officer. Answering defendants deny each and every remaining allegation in paragraph 77.

78. Answering defendants lack information or belief to respond to the allegations contained within paragraph 107, and on that basis, deny them.

79. Answering defendants deny each and every allegation in paragraph 79.

80. Answering defendants deny each and every allegation in paragraph 80.

///

7

81. The allegations in paragraph 81 contain legal conclusions to which no answer is required. To the extent that it does require an answer, the answering defendants deny each and every allegation.

82. Answering defendants deny each and every allegation in paragraph 82.

83. Answering defendants lack information or belief to respond to the allegations contained within paragraph 83, and on that basis, deny them.

## SIXTH CLAIM FOR RELIEF

### Battery

84. Answering defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

85. Answering defendants admit that Officer Johnson was acting in the course and scope of his duties as an officer with CHP. Answering defendants also admit that Officer Johnson shot decedent. Answering defendants deny each and every remaining allegation in paragraph 85.

86. Answering defendants lack information or belief to respond to the allegations contained in paragraph 86, and on that basis, deny them.

87. The allegations in paragraph 87 contain legal conclusions to which no answer is required. To the extent that it does require an answer, the answering defendants deny each and every allegation.

88. The answering defendants deny each and every allegation in paragraph 88.

89. Answering defendants lack information or belief to respond to the allegations contained within paragraph 89, and on that basis, deny them.

## SEVENTH CLAIM FOR RELIEF

### Negligence

90. Answering defendants repeat each and every admission and denial in the foregoing paragraph of this Answer with the same force and effect as if fully set forth herein.

///

///

Case No. 1:24-cv-09447-WHO

91. The allegations in paragraph 91 contain legal conclusions to which no answer is required. To the extent that it does require an answer, the answering defendants deny each and every allegation.

92. Answering defendants deny each and every allegation in paragraph 123, including subparts (a)-(i).

93. Answering defendants deny each and every allegation in paragraph 93.

94. The allegations in paragraph 94 contain legal conclusions to which no answer is required. To the extent that it does require an answer, the answering defendants deny each and every allegation.

95. Answering defendants lack information or belief to respond to the allegations contained within paragraph 95, and on that basis, deny them.

## EIGHTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

96. Answering defendants repeat each and every admission and denial in the foregoing paragraphs of this Answer with the same force and effect as if fully set forth herein.

97. The allegations in paragraph 97 contain legal conclusions to which no answer is required.

98. Answering defendants admit that Officer Johnson was working and acting within the course and scope of his employment as a CHP Officer. Answering defendants deny each and every remaining allegation in paragraph 98.

99. Answering defendants deny each and every allegation in paragraph 99.

100. Answering defendants deny each and every allegation in paragraph 100.

101. Answering defendants deny each and every allegation in paragraph 101.

102. Answering defendants deny each and every allegation in paragraph 102.

103. Answering defendants deny each and every allegation in paragraph 103.

104. The allegations contained in paragraph 104 contain legal conclusions to which no answer is required.

///

Case No. 1:24-cv-09447-WHO

105.   The allegations contained in paragraph 105 contain legal conclusions to which no answer is required.

106.   Answering defendants deny each and every allegation in paragraph 106.

107.   Answering defendants lack information or belief to respond to the allegations contained within paragraph 107, and on that basis, deny them.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering defendants allege as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint, and every claim alleged in it, fail to state a claim against defendants upon which the Court can grant relief.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint does not rise to the level of a constitutional statutory violation.

THIRD AFFIRMATIVE DEFENSE

That at all times alleged, defendants acted in good faith and are entitled to qualified immunity. Defendants' conduct was protected by all applicable statutory and common law immunities, including, but not limited to, all absolute and qualified immunities.

FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity, and official and quasi-judicial immunity. Defendants acted at all times relevant to this lawsuit in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and the laws of the United States and State of California. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

///

///

10

FIFTH AFFIRMATIVE DEFENSE

All actions taken during the incident complained of were taken in response to an emergency situation.

SIXTH AFFIRMATIVE DEFENSE

There was reasonable cause to make or attempt to make the detention or arrest, if any, alleged in the Second Amended Complaint.

SEVENTH AFFIRMATIVE DEFENSE

To the extent that defendants or any of their employees or agents used force during the incident alleged in the Second Amended Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in self-defense or defense of others. Cal. Civ. Code §§ 43, 50; Cal. Penal Code §§ 197, 198.5, 417, 692, 835(a), 836.5(b).

EIGHTH AFFIRMATIVE DEFENSE

This action against a public entity is barred by the failure to precede the action with a claim as required by Government Code sections 905.2, 905.7, 911.2, 945.2, and 950.2.

NINTH AFFIRMATIVE DEFENSE

Decedent willfully and unlawfully used force and violence upon Officer Johnson and provoked the altercation and events alleged in the Second Amended Complaint. The force employed, to prevent the continuance of such conduct was reasonable and not excessive.

TENTH AFFIRMATIVE DEFENSE

Defendants did not act with malicious intent to deprive any person of a constitutional right or to cause injury and therefore are not liable.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants' conduct occurred in the proper exercise of the officer's job duties and police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States or State of California, or to do any person any other injury.

TWELFTH AFFIRMATIVE DEFENSE

Defendants did not deprive plaintiffs or the decedent of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States or laws of the State of California.

11

THIRTEENTH AFFIRMATIVE DEFNESE

Plaintiffs' Second Amended Complaint and each of its causes of actions are uncertain.

FOURTEENTH AFFIRMATIVE DEFENSE

Decedent voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the complaint.

FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing withing the meaning of 42 United States Code section 1988.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not owe a duty of care to plaintiffs and did not have a special relationship to any person alleged in the Second Amended Complaint so as to give rise to any duty running to any person. *Zelig v. County of Los Angeles*, 27 Cal. 4th 111, 1131 (2002).

SEVENTEETH AFFIRMATIVE DEFENSE

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiffs and the decedent, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

EIGHTEENTH AFFIRMATIVE DEFENSE

There is no respondeat superior liability for public entities under 42 U.S.C. section 1983. *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690 (1978).

NINETEENTH AFFIRMATIVE DEFENSE

Public entities are not liable for employee torts that occur outside the scope of employment. *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal.4th 925, 932-933 (1998).

TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

///

///

12

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The actions or inactions complained of by plaintiffs were proximately caused by the negligence or wrongful conduct of persons and/or entities other than defendants, and that liability, if any, of defendants should therefore either be barred or reduced to the extent of such negligence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to take reasonable steps to mitigate their injuries, and damages, if any there are. Any recovery by plaintiffs should be reduced by those damages plaintiffs failed to adequately mitigate.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Under California Government Code sections 962, 965 through 965.2, 984 and 985, any judgment entered may be paid by periodic payments rather than in a lump sum and may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to trial.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees for state or common law claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Should plaintiffs recover damages, the amount should be abated, apportioned, and reduced to the extent that the negligence or other legal responsibility of any other person or entity caused or contributed to the damages, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The First Amended Complaint and each claim for relief fail to allege facts sufficient to state a cause of action for interest under California Civil Code sections 3287 and 3291.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint and each cause of action therein are barred by statute of limitations of California Code of Civil Procedure section 342 [relating to claims against public entities] and California Government Code sections 945.4 and 945.6.

///

13

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Because the Second Amended Complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, are reserved.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

THIRTIETH AFFIRMATIVE DEFENSE

Answering defendants were at all relevant times acting within the course and scope of duty of public employment.

THIRTY-FIRST AFFIRMATIVE DEFENSE

The conduct of decedent estops plaintiffs from claiming the damages alleged in the Second Amended Complaint.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Decedent willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendants, whom decedent knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the Second Amended Complaint. Such conduct is a reasonable implied assumption of the risk.

THIRTY-THIRD AFFIRMATIVE DEFENSE

Only reasonable force under the circumstances was used in the incident alleged in the complaint. There is no liability pursuant to California Penal Code sections 835 and 835(a) and California Government Code section 815.2 Decedent knew or should have known that a lawful pursuit, stop, or detention was being made by peace officers and had a duty to refrain from obstructing or evading the peace officers and threatening to use or using force to obstruct, evade,

///

14

or resist the peace officers in the performance of their lawful duties, and was in violation of California Penal Codes section 148, 241, 243, 245, and 843(a)

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Under California Government Code section 845.8, defendants are not liable for plaintiffs' injuries, if any.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

There is no liability in the acts alleged in the complaint because the acts, if any, were done in the execution and enforcement of the law while exercising due care. Cal. Gov't Code §§ 815.2, 820.4.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The complaint fails to allege sufficient facts to state a claim for punitive damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the lawsuit. As the proceeding arises, in part, under the California Government Claims Act, defendants are entitled to recover costs, including reasonable attorney's fees, upon prevailing on summary judgment, judgment for presentation of defense evidence, directed verdict, or nonsuit. Cal. Code Civ. Proc. § 1038.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defenses based upon future discovery that may arise at a later time.

### **PRAYER FOR RELIEF**

WHEREFORE, defendants State of California, acting by and through California Highway Patrol, and officer Neil Johnson pray that:

1.    Judgment be rendered in favor of defendants State of California, acting by and through the California Highway Patrol, and Officer Neil Johnson and against plaintiffs;

2.    Plaintiffs take nothing by the Second Amended Complaint;

///

15

Case No. 1:24-cv-09447-WHO

3.      Defendants State of California, acting by and through the California Highway Patrol, and Officer Neil Johnson be awarded costs of suit incurred herein; and

4.      Defendants State of California, acting by and through the California Highway Patrol, and Officer Neil Johnson be awarded such other and further relief as the Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, subdivision (b), defendants hereby make a demand for a jury trial on any issue of triable right by a jury.

Dated: April 23, 2026                                    Dean Gazzo Roistacher LLP


By:  /s/ Brooke M. Mesner
         Lee H. Roistacher
         Brooke M. Mesner
         Attorneys for Defendants
         State of California and Officer Neil
         Johnson

16